Joseph Kanee, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
joseph@marcuszelman.com
*Attorneys for Plaintiff*
*Kumarie Sharma*

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| KUMARIE SHARMA, | Case No.: |
| Plaintiff, | Plaintiff's Complaint For |
| v. | 1. Violations Of 15 U.S.C. §1692f(6) |
| | 2. Wrongful Repossession |
| AMERICAN HONDA FINANCE CORP. d/b/a HONDA FINANCIAL SERVICES, PATRICK K. WILLIS CO., INC. d/b/a AMERICAN RECOVERY SERVICE, and 9 SECOND RECOVERY, LLC, | 3. Conversion |
| Defendants. | (Jury Trial Requested) |

Plaintiff KUMARIE SHARMA ("Plaintiff") complains and alleges against Defendant AMERICAN HONDA FINANCE CORPORATION d/b/a HONDA FINANCIAL SERVICE ("Honda Financial"), Defendant PATRICK K. WILLIS CO., INC., d/b/a AMERICAN RECOVERY SERVICES ("ARS"), and Defendant

9 SECOND RECOVERY, LLC ("9 Second Recovery") (collectively, "Defendants") as follows.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. The Court also has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this action against Defendants for illegally and egregiously breaching the peace by intentionally repossessing her vehicle with her and her minor child inside of it, and by continuing to repossess her vehicle over repeated verbal and physical objections. Plaintiff also brings a claim against Defendants ARS and 9 Second Recovery for wrongfully repossessing her vehicle in violation of the Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692 *et seq.*

4. Plaintiff seeks statutory damages, actual damages and punitive damages, as well as attorneys' fees and costs.

## PARTIES

5. Plaintiff KUMARIE SHARMA ("Plaintiff") is a natural person and a resident of Pasco County, Florida, and is a "Consumer" as defined by 15 U.S.C. § 1692(a)(3).

6. Defendant AMERICAN HONDA FINANCE CORPORATION d/b/a HONDA FINANCIAL SERVICES ("Honda Financial") is a corporation headquartered in Torrance, California.

7. For purposes of Plaintiff's claim under 15 U.S.C. § 1692f(6), Honda Financial is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

8. Defendant AMERICAN RECOVERY SERVICE, a wholly owned subsidiary of the PATRICK K. WILLIS COMPANY, INC. ("ARS"), is a corporation that specializes in nationwide recovery management, skip tracing and impound services on behalf of lenders and creditors, with its headquarters in Sacramento, California, and which does business as Skipbusters.

9. Upon information and belief, Defendant ARS is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

10. For purposes of Plaintiff's claim under 15 U.S.C. § 1692f(6), Defendant ARS is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

11. Defendant 9 SECOND RECOVERY, LLC, ("9 Second Recovery") is a repossession company organized under the laws of the State of Florida which uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

12. For purposes of Plaintiff's claims under Section 1692f(6) of the FDCPA,

Defendant 9 Second Recovery is a "debt collector," as defined in the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

13. Plaintiff owns a 2022 Honda Pilot (the "Vehicle"), which was financed through a loan with Defendant Honda Financial.

14. Plaintiff used the Vehicle for personal, family, and household purposes.

15. Sometime prior to May 3, 2025, Plaintiff fell behind on her payments to Honda Financial after losing her job.

16. The money owed under the Honda Financial loan is a "debt" as defined by 15 U.S.C. § 1692a(5).

17. As a result, Honda Financial contracted with Defendant ARS to repossess Plaintiff's Vehicle.

18. Upon information and belief, ARS does not perform any repossessions itself in Florida, but contracts with repossession companies in all 50 states to carry out the actual repossessions, a fact which was known to Honda Financial.

19. Upon information and belief, after being contracted by Honda Financial to repossess Plaintiff's Vehicle, ARS arranged for Defendant 9 Second Recovery to carry out the actual repossession.

20. On or about May 3, 2025, at approximately 8:15 p.m., Plaintiff was operating the Vehicle in front of her residence located in Wesley Chapel, Florida, with her son and minor daughter inside the Vehicle.

21. Plaintiff pulled into the driveway of her private residence, dropped off her son,

and then backed the Vehicle into the street with the engine running and the lights on, while waiting for her son to move a bicycle so she could park the Vehicle in the private garage.

22. At that time, an individual acting as a spotter for Defendants ("Defendants' first repossession agent") swiftly drove into Plaintiff's driveway and positioned his vehicle in a manner that blocked Plaintiff from reentering the driveway with the Vehicle.

23. Defendants' first repossession agent then approached Plaintiff's driver-side window while Plaintiff and her minor daughter remained seated inside the Vehicle.

24. Almost immediately thereafter, a second individual ("Defendants' second repossession agent") arrived in a tow truck and hooked up to the front of that clearly occupied Vehicle, lifting it.

25. It is inherently dangerous and reckless to attempt to repossess, hook, lift or tow an occupied vehicle, particularly when the occupants are not expecting such a sudden movement of their vehicle, which can cause damage to the vehicle and injury to the occupants.

26. Defendants' second repossession agent knew that he could not safely and legally lift and repossess an occupied vehicle, and that doing so could cause injury or damage, but did so anyway.

27. Plaintiff immediately and clearly objected to the repossession and repeatedly told Defendants' repossession agents to stop, that her minor child was inside,

and to move away from the Vehicle.

28. Despite Plaintiff's objections, Defendants' repossession agents continued to maintain possession of the occupied Vehicle for an extended period of time.

29. Plaintiff then contacted law enforcement for assistance while still seated in the Vehicle, which remained attached to the tow truck.

30. Upon arrival, responding police officers instructed Plaintiff to surrender the Vehicle to Defendants' repossession agents.

31. At that point, Plaintiff and her family members removed personal belongings from the Vehicle while it remained attached to Defendants' tow truck.

32. Plaintiff repeatedly made clear to Defendants' repossession agents and to responding officers that she objected to the repossession.

33. Defendants' repossession agent ultimately completed the wrongful repossession of the Vehicle, despite Plaintiff's verbal objections, her continued refusal to surrender the Vehicle, and the presence of her minor child.

34. The law in Florida has long been clear that a debtor has the absolute right to object to a repossession, and that a repossession must cease upon the verbal objection of the debtor to the repossession. *See e.g., Marine Midland Bank-Cent. v. Cote,* 351 So. 2d 750, 752 (Fla. Dist. Ct. App. 1977)("the debtor's physical objection bars repossession even from a public street"); *In re 53 Foot Trawler Pegasus*, No. 608-CV-117-ORL-18DAB, 2008 WL 4938345, at *5 (M.D. Fla. Nov. 18, 2008) ("The statute makes it clear that a creditor runs the risk of serious liability if he proceeds with a self-help repossession when there is a serious

6

objection by the debtor"); *Nixon v. Halpin*, 620 So. 2d 796, 798 (Fla. Dist. Ct. App. 1993) ("The owner of the vehicle had a right to object to DCI's attempted repossession of the collateral. If DCI had not already peaceably removed the vehicle when the owner objected, its continuation with the attempt at repossession was no longer peaceable and without a breach of the peace").

35. Despite being plainly aware that they could no longer repossess the Vehicle after Plaintiff had verbally and physically objected to it, Defendants' repossession agent did not care, and willfully and intentionally violated the law by persisting with the repossession.

36. As a result of the Defendants' illegal repossession, Plaintiff was deprived of the use of the Vehicle and personal possessions, which were not recovered.

37. Plaintiff suffered fear for her own safety, fear for the safety of her minor child and adult son, anger, frustration, emotional distress, lost sleep, and lost time as a result of the Defendants' actions and was subjected to abusive collection tactics from which she had a substantive right to be free.

38. Plaintiff's distress manifested in physical symptoms, including difficulty sleeping, anxiety, and emotional upset, directly attributable to Defendants' conduct.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*
### (Against ARS and 9 Second Recovery)

39. Plaintiff realleges and incorporates by reference paragraphs 1-38 herein.

40. Plaintiff brings this Count against Defendant ARS and 9 Second Recovery.

41. Section 1692f of the FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

42. Section 1692f(6) of the FDCPA prohibits debt collectors from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if:

> (A)    there is no present right to possession of the property claimed as collateral through an enforceable security interest; or
>
> (C)    the property is exempt by law from such dispossession or disablement.

43. Under Florida Statute § 679.601 and 679.609, a secured party may take possession of collateral, without judicial process, **only** if it can be accomplished without a breach of the peace.

44. On May 3, 2025, Defendants breached the peace by continuing with the repossession in the face of Plaintiff's repeated and unambiguous objections and by recklessly hooking and lifting the Vehicle while it was occupied by Plaintiff and her minor child.

45. As a result, Defendants did not have the present right to possession of the Plaintiff's vehicle once they breached the peace, and therefore were prohibited from repossessing it at that time.

46. Defendants ARS and 9 Second Recovery accordingly violated 15 USC § 1692f(6) when they repossessed the Plaintiff's vehicle on May 3, 2025.

47. By illegally repossessing the Vehicle in violation of the FDCPA, Defendants harmed Plaintiff, by subjecting Plaintiff to improper and deceptive collection activity, in violation of Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and by subjecting Plaintiff to unfair, or unconscionable means to collect a debt, by depriving Plaintiff of use of the Vehicle and the right to pre repossession judicial process.

48. Defendants' illegal activity harmed Plaintiff by causing her to suffer anger, fear for her own safety, fear for the safety of her minor daughter, anxiety, emotional distress, lost sleep, frustration and embarrassment. Such damages were reasonably foreseeable and flowed directly from Defendants' unlawful repossession tactics.

49. By reason thereof, Defendants ARS and 9 Second Recovery are liable to Plaintiff for judgment that Defendants' conduct violated 15 USC §1692f, statutory damages, actual damages, costs and attorneys' fees.

## COUNT II
### UNLAWFUL REPOSSESSION
**Florida Statute § 679.601, 679.609 and 679.625 *et seq.***
**(Against All Defendants)**

50. Plaintiff realleges and incorporates by reference paragraphs 1-38 herein.

51. Plaintiff brings this Count against all Defendants.

52. Florida law does not permit nonjudicial or "self help" repossession of consumer

motor vehicles unless the repossession can be accomplished without a breach of the peace. Florida Statute § 679.601, 679.609.

53. On May 3, 2025, Defendants breached the peace by continuing with the repossession in the face of Plaintiff's repeated and unambiguous objections and by recklessly hooking and lifting the Vehicle while it was occupied by Plaintiff and her minor child.

54. As a result, Defendants violated Florida Statute § 679.601 and 679.609 when they repossessed the Vehicle on May 3, 2025.

55. By illegally repossessing Plaintiff's vehicle on May 3, 2025, in violation of Florida Statute § 679.601 and 679.609, Defendants harmed Plaintiff, in subjecting Plaintiff to improper and deceptive collection activity, in violation of Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, in depriving Plaintiff of the use of the Vehicle, and by subjecting Plaintiff to unfair and unconscionable means to collect a debt.

56. Defendants' illegal activity harmed Plaintiff by causing her to suffer anger, fear for her safety, fear for the safety of her minor child, anxiety, emotional distress, lost sleep, frustration and embarrassment. Such damages were reasonably foreseeable and flowed directly from Defendants' unlawful repossession tactics.

57. By reason thereof, Defendants are also liable to Plaintiff for judgment that Defendants' conduct violated Florida Statute § 679.601 and 679.609, including statutory damages, punitive damages, actual damages, costs and attorneys' fees.

## COUNT III
## CONVERSION
### (Against All Defendants)

58. Plaintiff realleges and incorporates by reference paragraphs 1-38 herein.

59. As set forth above, each of the Defendants wrongfully repossessed the Vehicle at a time when Plaintiff – and not Defendants – was entitled to possession of that Vehicle.

60. Defendants then held Plaintiff's Vehicle for a period of time, and continue to hold that vehicle, thereby exercising wrongful dominion and control over the Plaintiff's property.

61. Defendants' conversion of the Vehicle harmed Plaintiff, by depriving her of the use of the Vehicle for an extended period of time.

62. Defendants further harmed Plaintiff by subjecting her to improper and deceptive collection activity and unfair and unconscionable means of collection.

63. Defendants' illegal activity harmed Plaintiff by causing her to suffer anger, anxiety, emotional distress, lost sleep, frustration and embarrassment.

64. Plaintiff demanded the return of the Vehicle at the time of the repossession, but the Defendants' repossession agent refused.

65. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants wrongfully converted the Vehicle, actual damages, punitive damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

66. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby

demands a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)    awarding Plaintiff actual damages incurred;

(b)    awarding Plaintiff statutory damages, along with the attorneys' fees and expenses incurred in bringing this action;

(c)    awarding Plaintiff punitive damages;

(d)    Awarding pre-judgment interest and post-judgment interest; and

(e)    Awarding Plaintiff such other and further relief as this Court may deem just and proper.


Dated: February 11, 2026

By: _/s/ Joseph Kanee, Esq._
Joseph Kanee, Esq.
MARCUS & ZELMAN, LLC
1508 SW 23rd Street
Fort Lauderdale, FL 33135
(848) 346-4358
(732) 298-6256 facsimile
joseph @marcuszelman.com
Attorneys for Plaintiff
Kumarie Sharma